# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-cv-00282-RJC-DSC

| | |
|---|---|
| STACY C. HARRELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CITY OF GASTONIA, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss ... " (document #4) and the parties' briefs and exhibits. See documents ##5, 9 and 10.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

This is an action seeking compensatory and punitive damages pursuant to 42 U.S.C. § 1983 and a state common law libel claim. Plaintiff, who is proceeding pro se, is a former Gastonia police officer. Defendant City of Gastonia is a municipal corporation of the State of North Carolina.

Plaintiff alleges that Police Chief Terry L. Sult and Sergeant Ed Turas fabricated allegations against him in retaliation for his unwillingness to violate the civil rights of individuals during the course of his employment. Plaintiff further alleges that Chief Sult placed a memorandum ("the Sult memorandum") documenting these false allegations into his personnel file. Plaintiff alleges that those allegations became the basis for his subsequent termination. Plaintiff further contends that the false allegations have prevented and continue to prevent him from obtaining employment with

another law enforcement agency.[1]

As Plaintiff concedes in his Complaint, he has previously sued the City of Gastonia on the same grounds. On September 21, 2007, Plaintiff, who was then represented by counsel, filed a Complaint against the City alleging causes of action for deprivation of civil rights under 42 U.S.C. § 1983, libel, blacklisting, and intentional infliction of emotional distress. Harrell v. City of Gastonia et al., No. 3:07CV396-H (documents ## 1, 6 and 23).

On May 20, 2008, the Court granted a partial dismissal with prejudice of Plaintiff's first lawsuit following a Rule 12(c) Motion for Judgment on the Pleadings. Harrell v. City of Gastonia et al., No. 3:07CV396-H, 2008 WL 2139619 (W.D.N.C. May 20, 2008) (granting in part and denying in part Defendants' Motion).

On January 29, 2009, the Court granted summary judgment in Defendant's favor on Plaintiff's remaining claims. Harrell v. City of Gastonia, No. 3:07CV396-H, 2009 WL 34064 (W.D.N.C. Jan. 29, 2009) (concluding, inter alia, that there was no evidence that Plaintiff's personnel file had been disclosed to third parties). Plaintiff appealed and the Fourth Circuit Court of Appeals affirmed the granting of summary judgment. Harrell v. City of Gastonia, No. 09-1250, 2010 WL 3314567 (4th Cir. Aug. 24, 2010).

On May 4, 2012, Plaintiff filed the subject Complaint alleging causes of action for deprivation of civil rights under 42 U.S.C. § 1983 and libel, both based upon the same facts that he alleged in his first lawsuit. As in his first lawsuit, his present libel claim is based on the disclosure or possible future disclosure of the Sult memorandum to third parties.

On September 11, 2012, Defendant filed its Motion to Dismiss, arguing that the Complaint

---

[1] Plaintiff persists in this allegation despite admitting in his first lawsuit that he was then employed by the Pinetops Police Department in Pinetops, North Carolina.

is barred by the doctrine of res judicata. Defendant's Motion has been fully briefed and is ripe for disposition.

It is well settled that the doctrine of res judicata, also known as claim preclusion, is a "fundamental precept of common-law adjudication." Southern Pacific R.R. v. United States, 168 U.S. 1, 48-49 (1897). "A fundamental precept of common-law adjudication, embodied in the ... doctrine[] of ... res judicata is that a [claim] ... put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties...." Id.

Three elements are necessary for a claim to be precluded under the doctrine of res judicata: (1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action. See, e,g,, Montana v. United States, 440 U.S. 147, 153 (1979); Pittson Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999); Meekins v. United Transportation Union, 946 F.2d 1054, 1057 (4th Cir. 1991); Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990); Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir. 1990); Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc., 892 F.2d 355, 359 (4th Cir. 1989). Under the doctrine of res judicata, a prior judgment bars claims that were raised or could have been raised in the prior litigation. See Pittson, 199 F.3d at 704; Meekins, 946 F.2d at 1057 ("[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding"); Peugeot, 892 F.2d at 359.

There is no doubt that the Court's Order in the previous case was a judgment on the merits. That Order granted summary judgment in Defendant's favor on all of Plaintiff's claims.

Similarly, there is no doubt as to the second element which must be established for a claim to be precluded under res judicata. The parties in both cases are identical.

As to the third element of res judicata – an identity of the causes of action – the Fourth Circuit has held:

> Consistent with the modern trend, see 18 Wright, Miller & Cooper, § 4407; Restatement (Second) of Judgments § 24 (1982), we have adopted a transactional approach to the identity of claims questions – "the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment."

Keith, 900 F.2d at 740 (4th Cir. 1990), citing Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir. 1986). Accord Meekins, 946 F.2d at 1057. As to what constitutes the same "transaction or series of transactions," the Fourth Circuit has explained:

> The expression "transaction" in the claim preclusion context "connotes a natural grouping or common nucleus of operative facts." [citations omitted]. Among the factors to be considered in deciding whether the facts of the current and prior claims "are so woven together" that they constitute a single claim "are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes."

Pittson, 199 F.3d at 704 (citations omitted).

Plaintiff's first and second lawsuits involve a "common nucleus of operative facts." Id. As previously discussed, Plaintiff makes the same allegations in support of his identical claims in both lawsuits.

Plaintiff contends that a 2010 amendment to N. C. Gen. Stat. § 160A-168 makes it more likely that the allegedly false statements in his personnel file will be disclosed to third parties. Plaintiff argues that his present claims are not identical to his original claims because of the increased likelihood for disclosure of the allegedly false statements. As explained in Defendant's briefs, the 2010 amendments to N. C. Gen. Stat. § 160A-168 do not increase the likelihood that the Sult memorandum will be disclosed to third parties. See Document #5 at 5-9 and Document #10 at 2-3.

4

For these reasons, Plaintiff's claims are barred by the doctrine of res judicata. The undersigned respectfully recommends that Defendant's Motion to Dismiss be granted.

**ORDER**

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss ... " (document #4) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

**NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir.

1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED**.

Signed: October 23, 2012

David S. Cayer
United States Magistrate Judge